UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WILLIE HART,

                Plaintiff,

      v.                                     **MEMORANDUM AND ORDER**
                                                  25-CV-0301-SJB-AYS

SUFFOLK COUNTY,

                Defendant.
-----------------------------------------------------------------X

**BULSARA, United States District Judge:**

      Plaintiff Willie Hart ("Hart"), currently incarcerated at the Suffolk County Correctional Facility ("SCCF") in Riverhead, New York, filed this pro se action alleging violations of 42 U.S.C. § 1983 ("Section 1983") by Suffolk County and Michael J. Brown ("Brown"), Hart's criminal defense attorney in a pending, underlying state court prosecution.[1] (Compl. dated Dec. 22, 2024 ("Compl."), Dkt. No. 1 at 2; Am. Compl. dated Mar. 3, 2025 ("Am. Compl."), Dkt. No. 12 at 1–3).[2] Hart also filed: (1) a motion for leave to proceed *in forma pauperis* ("IFP"), (Mot. for Leave to Proceed *in forma pauperis* dated Dec. 22, 2024 ("IFP Mot."), Dkt. No. 4 at 2); (2) two motions for the appointment of pro bono counsel to represent him in this case, (Mots. to Appoint Counsel dated Feb. 7, 2025 and Mar. 1, 2025 ("PBC Mots."), Dkt. Nos. 11, 14); and (3) two motions by order to show cause seeking to enjoin the state court prosection and to secure the return

---

[1] The Court dismissed the claims against Brown in light of the Stipulation of Dismissal and Discontinuance filed by the parties on March 24, 2025. (Order dated Mar. 25, 2025). Thus, Suffolk County is the sole Defendant.

[2] All page numbers are in reference to the pages of the PDF.

of his retainer payment to Brown.  (Orders to Show Cause filed Jan. 8, 2025 and Mar. 10, 2025 ("OSC"), Dkt. Nos. 2–3, 13).[3]  Hart's application to proceed IFP is granted.  But for the reasons discussed below, Hart's Complaint is dismissed because the Court is required to abstain in the face of his pending criminal case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Hart commenced this action on January 15, 2025 and filed an Amended Complaint on March 10, 2025.  The Amended Complaint alleges several due process violations during Hart's underlying state court criminal proceeding.  Hart alleges that the Suffolk County District Attorney was required to but failed to give him five days judicial notice before the grand jury proceeding and that Suffolk County denied him a pen and paper while in custody so that he could serve a notice to appear before the grand jury.  (Am. Compl. at 7).  He further alleges that on October 16, 2023, he was arraigned on a murder indictment, informed that the counsel he had retained was no longer his attorney, and assigned counsel that he claims was ineffective for failure to file a timely N.Y. Crim. Proc. L. § 190.50(5)(c) motion to dismiss the indictment.  (*Id.*).

Hart requests relief in the form of a "preliminary injunction and temporary restraining order" to halt his criminal case.  (*Id.* at 6; *see also* OSC, Dkt. No. 13 at 1–2).  Hart also moved for the appointment of pro bono counsel on February 20, 2025 and March 10, 2025.  (PBC Mots., Dkt. Nos. 11, 14).  Suffolk County filed a premotion

---

[3] The OSC filed on January 15, 2025 is identical to the OSC filed on March 10, 2025 with the exception that the March filing has the handwritten notation "Amended Complaint" at the top of the first page.  (*See* OSC, Dkt. No. 13 at 1).

conference request seeking to dismiss the case on March 21, 2025, to which Hart did not respond. (Def.'s Mot. for Premotion Conference dated Mar. 21, 2025, Dkt. No. 17 at 1). For the reasons explained below, the Court must dismiss the claim.

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain more than "naked assertion[s] devoid of further factual enhancement." *Id.* (quotations omitted). In other words, a plausible claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; Fed. R. Civ. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 554, 555 (2007) (internal citations omitted). The determination of whether a party has alleged a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Escamilla v. Young Shing Trading Co.*, No. 17-CV-652, 2018 WL 1521858, at *2 (E.D.N.Y. Jan. 8, 2018), *report and recommendation adopted*, 2018 WL 1033249, at *3 (Feb. 23, 2018).

A pro se plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72

(2d Cir. 2009) (noting that even after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Hart seeks to enjoin an ongoing state criminal proceeding. Hart's claim for injunctive relief—for a "preliminary injunction and temporary restraining order" to stop Suffolk County from "prosecuting [his case]," (Am. Compl. at 6)—is precluded by *Younger* abstention, which "provides that 'federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings.'" *Weiss v. New York*, No. 22-2326, 2024 WL 2837623, at *2 (2d Cir. June 5, 2024) (quoting *Spargo v. N.Y. Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003)). "*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). Enjoining Hart's state criminal prosecution is precisely the kind of interference that *Younger* precludes, and the Court is required to abstain and dismiss such a request. *E.g.*, *Weinstein v. Vill. of Briarcliff Manor*, No. 21-CV-1996, 2021 WL 1063763, at *3 (S.D.N.Y. Mar. 17, 2021) (refusing to intervene in plaintiff's "ongoing criminal proceedings" in state court because of *Younger*).

Still, "[d]espite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of 'bad faith, harassment or any other unusual circumstance that would call for equitable relief.'" *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (quoting *Younger*, 401 U.S. at 54). "To invoke this exception, the federal plaintiff must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Id.* at 199. However, "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution . . . will not warrant the application of the bad faith exception." *Id*. Hart has not alleged any improper motive that could constitute bad faith or some other extraordinary circumstance. Liberally construed, Hart's Amended Complaint alleges due process violations in the form of lack of notice, denial of access to writing materials to pursue arguments in his case, and ineffective assistance of counsel in his ongoing state criminal proceeding. (Am. Compl. at 5, 7). These allegations reflect the sort of procedural defects that do not permit federal court intervention as an exception to *Younger* abstention. *See Diamond*, 282 F.3d at 199; *e.g.*, *Barker v. Suffolk Cnty.*, No. 24-CV-07941, 2024 WL 4827739, at *3 (E.D.N.Y. Nov. 18, 2024) (finding the "bad faith" exception did not apply to allegations of constitutional rights violations in the form of failure to follow criminal procedure laws and ineffective assistance of counsel). Hart is free to raise his claims and arguments in his ongoing state case and/or appeal. *See Weiss*, 2024 WL 2837623, at *2 (noting that there was no reason why the plaintiff could not raise her constitutional claims and arguments in her state appeal). And though Hart requests relief because he claims he has "no expectation of a fair or

5

favorable outcome," (Am. Comp. at 6), such a conclusory recitation of the standard for bad faith is insufficient.  *See Diamond*, 282 F.3d at 199 ("[F]or a federal plaintiff to invoke the bad faith exception, 'the party bringing the state action must have no reasonable expectation of obtaining a favorable outcome.'") (quoting *Cullen v. Fliegner,* 18 F.3d 96, 103 (2d Cir. 1994)); *e.g.*, *Weinstein,* 2021 WL 1063763, at *3 ("Beyond her conclusory assertions of retaliation and conspiracy, Plaintiff has alleged no specific facts showing bad faith, harassment, or irreparable injury with respect to her pending state-court criminal proceeding.").

Where a plaintiff "seeks exclusively injunctive relief relating to his on-going state court criminal prosecution" and the Court "must abstain under the *Younger* abstention doctrine," the plaintiff fails to state a claim on which relief may be granted, and the claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  *Hudson v. Camacho*, No. 15-CV-7313, 2016 WL 1248816, at *3 (E.D.N.Y. Mar. 23, 2016).

Leave to Amend

"The Second Circuit has held that '[d]istrict courts should generally not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but granting leave to amend is not necessary when it would be futile.'"  *Gross v. Intratek Comput. Inc.*, No. 22-CV-7440, 2023 WL 144129, at *3 (E.D.N.Y. Jan. 10, 2023) (quoting *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017)).  Here, Hart has already amended his complaint once, and, given the application of *Younger* abstention to Hart's claim for injunctive relief, the Court concludes that any amendment would ultimately prove futile.  *See Haziz-Ramadhan v. Specialized Loan Servicing, LLC*, No. 23-CV-02671, 2023 WL 8003339, at *4

(E.D.N.Y. Nov. 17, 2023) (denying plaintiff leave to amend claims barred by, *inter alia*, *Younger* abstention).

## CONCLUSION

For the foregoing reasons, the Amended Complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Given the dismissal of the Amended Complaint, Hart's motions for the appointment of pro bono counsel are denied as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to close this case. The Clerk is also directed to mail a copy of this Memorandum and Order and the Judgment to Hart at his address of record with the notation "Legal Mail" on the envelope and record such mailing on the docket.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:      September 12, 2025
           Central Islip, New York

7